run against the claim before the commencement of this action, the judgment of the Muncipal Court is reversed but the cause is not remanded.

*Reversed without remanding.*

## A. H. Whitsett and R. C. Whitsett, copartners, trading as R. C. Whitsett Coal & Mining Company, Appellees, v. Chicago Washed Coal Company, Appellant.

### Gen. No. 21,299.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and judgment here. Opinion originally filed June 1, 1916. Rehearing allowed and opinion filed June 16, 1916.

### Statement of the Case.

Action in assumpsit by A. H. Whitsett and R. C. Whitsett, copartners, trading as R. C. Whitsett Coal & Mining Company, plaintiffs, against Chicago Washed Coal Company, defendant, to recover for certain coal sold and delivered. From a judgment for plaintiffs, defendant appeals.

The declaration consists of the common counts. In plaintiffs' affidavit of claim, subscribed by R. C. Whitsett, it was stated, in substance, that certain Illinois Mine Run coal (number of pounds specified) was sold and delivered to defendant on January 4, 6, 7 and 8, 1910, and 52,100 pounds of Indiana Mine Run coal on January 8, 1910; that the fair market price of the Illinois coal at the time and place of delivery was $1.15 per ton, and of the Indiana coal $2.55 per ton; and that "there is due to the plaintiffs from the defendant,

after allowing to it all just credits, deductions, and set-offs, $348.19 for said shipments of coal, and interest at 5% to date, amounting to $85.55, making a total amount due of $433.74.'' On January 12, 1915, the defendant filed a plea of the general issue and also a plea of set-off. In the latter plea it was alleged that ''plaintiffs were before and at the time of the commencement of this suit, and still are, indebted to it, the defendant, in the sum of $10,023.35 for damages sustained by it.'' It was then alleged that on December 24, 1909, plaintiffs made a written proposal to defendant, which proposal was on the same day accepted in writing by defendant. Said proposal was set out *in haec verba* in the plea, which was to the effect that plaintiffs offered to furnish defendant ''from December 28, 1909, to March 30, 1910,'' two specified grades of coal from a mine at Ward, Illinois, ''50 tons per day'' of one grade, and ''100 tons per day'' of the other grade, at certain named prices, ''f. o. b. mines,'' and that mine weights were to govern settlements, which settlements were ''to be made on or before the 10th day of each month for all shipments made during the preceding month.'' It was further alleged in said plea, in substance, that the claim mentioned in plaintiffs' declaration grew out of said proposal and acceptance; that on January 18, 1910, plaintiffs refused to further carry out said agreement and so notified defendant; that notwithstanding the defendant was at all times willing and able to perform its part of said agreement, plaintiffs would not and did not make any further deliveries of coal under said agreement and refused to deliver the remainder of the coal, to wit, 13,229 tons; and that by reason thereof defendant had sustained damages in said sum of $10,023.35, which sum exceeded the damages sustained by the plaintiffs by reason of the nonperformance by the defendant of the several supposed promises in said declaration mentioned, and out of which sum defendant was ready and willing and

hereby offered to set off and allow to the plaintiff the full amount of plaintiffs' damages, if any. With said pleas there was also filed an affidavit of merits, subscribed by an agent of defendant, in which it was stated that the nature of the defendant's defense was as *in the last plea* above stated and set forth.

On January 19, 1915, the defendant filed a verified petition praying that the venue of the suit be changed to the Municipal Court of Chicago. It was alleged in the petition that defendant "instituted suit" (it was not stated when) in said Municipal Court to recover damages of plaintiffs in said sum of $10,023.35 by reason of the breach of said agreement and that said suit was still pending; that the present suit in the County Court was brought by plaintiffs to recover the "value of the unpaid portion of the coal delivered" under said agreement; that defendant had filed said plea of set-off; that the amount involved in the "controversy" exceeded $1,000, and that the County Court could not render judgment in favor of defendant for the amount claimed by it; and that, therefore, the present suit had been commenced in the wrong court. On January 30, 1915, a hearing was had on said petition to transfer said cause to said Municipal Court, and the same was denied and defendant excepted.

On February 3, 1915, plaintiffs filed a demurrer to said plea of set-off, stating as a cause of demurrer that defendant claimed a sum of money in excess of the jurisdiction of the court. On February 6, 1915, on the several motions of plaintiffs, after due notice to defendant and after hearing arguments of the respective counsel, the court struck from the files the defendant's said plea of set-off, also defendant's affidavit of merits, and also defendant's plea of general issue for want of the support of a sufficient affidavit of merits, to all of which actions of the court the defendant excepted. It did not appear that defendant offered to file any further or additional affidavit of merits. There-

upon the court entered judgment against the defendant for the sum of $433.74, and defendant excepted and prayed and perfected this appeal.

GEORGE C. OTTO, for appellant.

POMEROY & MARTIN, for appellees.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. COURTS, § 100*—*when jurisdiction of County Court not defeated by set-off claiming sum in excess of jurisdiction.* A County Court has jurisdiction of an action where the amount claimed is less than $1,000, and this jurisdiction cannot be defeated by the filing of a set-off claiming a sum greatly in excess of $1,000.

2. PLEADING, § 367*—*when plea of set-off claiming sum in excess of court's jurisdiction properly stricken from files.* A plea of set-off in an action in the County Court is properly stricken from the files where it claims a sum beyond the court's jurisdiction.

3. PLEADING, § 367*—*when affidavit of merits properly stricken from files.* An affidavit of merits is properly stricken from the files which states that the nature of defendant's defense to plaintiffs' claim is as stated in its plea of set-off, and such plea does not set forth any defense to plaintiffs' claim but rather a cross-claim or action against plaintiffs of which the court has no jurisdiction.

4. JUDGMENT, § 108*—*when plea of general issue may be stricken from files and judgment entered for plaintiff on affidavit of claim.* Where defendant's affidavit of merits is stricken from the files as insufficient and he does not offer to file any further affidavit of merits, defendant's plea of the general issue may be stricken from the files and judgment entered for plaintiffs in the amount claimed to be due in his affidavit of claim.

5. INTEREST, § 19*—*when not recoverable.* Interest is not recoverable on unliquidated demands.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.